■ AMERICAN ELECTRONICS, INC., et al., Respondents, *v.* NEPTUNE METER COMPANY et al., Appellants.— Judgment reversed, on the law and on the facts, without costs or disbursements; the cause is remanded to the trial court, and a new trial directed limited solely to the issue of compensatory damage. Findings of Fact Nos. 287, 288, 289, 290, 291 and 304 are reversed. Opinion by McNally, J. Concur — Steuer, J. P., Rabin and Bastow, JJ.; Tilzer, J., dissents in an opinion. Order entered on May 24, 1967 unanimously affirmed, without costs or disbursements. The order of this court entered on May 21, 1968 [30 A D 2d 117] is vacated.

## SECOND DEPARTMENT, MAY, 1968

## (May 1, 1968)

■ GREENBRIER FARMS, INC., Respondent, v. CENTRAL JERSEY LANDSCAPE CO., INC., et al., Defendants, and STEVE BRODY, INC., et al., Appellants.— Motion by appellants for reargument or, in the alternative, for leave to appeal to the Court of Appeals. Motion granted to the extent of granting reargument; and, upon such reargument, the original determination of this court is adhered to. At bar it appears without contradiction that prior to the expiration date of the mechanic's lien, plaintiff served and filed a summons and complaint and a *lis pendens.* While the subsequent order extending the lien was invalid by reason of its entry after the expiration date of the lien (*Dittmar Explosives v. A. E. Ottaviano, Inc.,* 20 N Y 2d 498), nevertheless, the filing of the pleadings and *lis pendens,* before the expiration date of the lien, constituted an effective and alternate method of timely extending the lien (Lien Law, §§ 18, 21). In any event, even if the tenure of plaintiff's notice of lien was ineffectively extended, plaintiff's complaint is not to be dismissed without an opportunity to amend so as to replead within the framework of the trust provisions of the Lien Law (*Dittmar Explosives v. A. E. Ottaviano, Inc., supra*). Brennan, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.